UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGUYEN LE, ) | 1:11-cv-00668 HC |
| ) | |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION TO EXPEDITE PROCEEDINGS |
| v. ) | (Doc. 12) |
| ) | |
| ERIC HOLDER, JR., et. al., ) | |
| ) | |
| Respondents. ) | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding through counsel with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

The instant petition was filed on April 26, 2011, and alleges that Petitioner's detention is unlawful under 8 U.S.C. § 1231(a) and that it violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, pp. 7-8). On May 5, 2011, after a preliminary screening of the petition, the Court issued to Respondent an Order to Show Cause why the petition should not be granted. (Doc. 9). That Order to Show Cause requires that Respondent file a response within forty-five days. On May 23, 2011, Petitioner's counsel filed the instant motion requesting that the court "expedite the adjudication" of

the petition. (Doc. 12). The grounds for the motion to expedite are that: (1) Petitioner has been in ICE custody since December 3, 2009; (2) despite a Memorandum of Understanding between the United States and Vietnam, no one has been removed to Vietnam from the United States pursuant to that Memorandum of Understanding; (3) Petitioner's period of detention already exceeds the six-month presumptively constitutional period set out in Zadvydas v. Davis, 533 U.S. 678 (2001); (4) Petitioner is not a "major threat to the community"; and, (5) Petitioner suffers from mental impairment. (Doc. 12, pp. 203).

**DISCUSSION**

Case management at the court proceeds by the order cases are received. The Eastern District of California has one of the largest habeas corpus case loads of any federal district in the United States. As such, habeas cases proceed in the order in which they were filed. Nevertheless, the Court will give priority to ICE cases among all of the Court's habeas docket. The Court promptly screened the instant petition, issued an Order to Show Cause, and afforded Respondent forty-five days to respond, a time limit that is fifteen days shorter than the response time afforded for non-ICE habeas cases. In the Court's experience, requiring a response in less than forty-five days places an unreasonable burden on Respondent since Respondent must provide a legal response to the Order to Show Cause, including briefing on the Zadvydas detention issue, as well as Petitioner's entire Alien file, and any other documents, including documents from the government of Vietnam, that bear upon the likelihood that Petitioner's removal can be effected within a constitutionally reasonable time. Thus, in the Court's view, further expediting of the petition beyond what has already taken place, is not reasonable at this point in the proceedings.

Second, Petitioner has failed to provide sufficient reasons to treat this ICE case differently from other ICE petitions currently on the Court's docket. The fact that Petitioner has been in custody for longer than six months, that he claims his detention is unconstitutional and that he is not a threat to the community, and that he contends his removal to his native country cannot be accomplished in the reasonably foreseeable future, are factors that every ICE petitioner shares in common with Petitioner. Moreover, though Petitioner alleges that he suffers from a mental disability, he fails to explain why he believes that this justifies consideration of his petition before other ICE petitions

1  filed before his.

2      Accordingly, the Court HEREBY ORDERS that Petitioner's motion to expedite the
3  adjudication of this case (Doc. 12), is DENIED.

5  IT IS SO ORDERED.

6  Dated:  **May 26, 2011**                                                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE